IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LARRY KLAYMAN,<br><br>                Plaintiff,<br><br>v.<br><br>JULIA PORTER, HAMILTON FOX, III, MATTHEW KAISER,<br>                Defendants. | Civil Action No. 22-_____<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA<br><br>CASE NO. 50-2021- CA013239XXXXMB |

**NOTICE OF REMOVAL OF STATE ACTION**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser ("Defendants") hereby remove this civil action, pending as 50-2021-CA013239XXXXMB-DIV: AG in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"), to the United States District Court for the Southern District of Florida.

**BACKGROUND**

1. This is the seventh lawsuit Plaintiff Larry Klayman (the "Plaintiff") has filed against the substantially same set of defendants on nearly identical claims, seeking to collaterally attack ongoing disciplinary proceedings by the Office of Disciplinary Counsel of the District of Columbia Bar involving Plaintiff's practice of law in the District of Columbia. Compl. ¶¶ 43–53.

2. On December 6, 2021, Plaintiff filed the State Court Action against officials of the District of Columbia Office of Bar Disciplinary Counsel ("ODC") (Ms. Porter and Mr. Fox) and the District of Columbia Board on Professional Responsibility (Mr. Kaiser).

3. On December 13, 2021, Defendants were each purportedly served with a copy of the Complaint. *See* Exhibits 1-3.

4. In accordance with 28 U.S.C. § 1446(b), Defendants timely file this Notice of Removal within 30 days of the date on which they were served with the Complaint. The Defendants unanimously join in and consent to this Notice of Removal.

## GROUNDS FOR REMOVAL

I. Federal Question

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims arising under a federal statute, 42 U.S.C. § 1983, based upon allegations that the Defendants have violated the First Amendment to the U.S. Constitution. Compl. ¶¶ 67–71.

6. A defendant may remove an action to federal court under 28 U.S.C. § 1441(a) if the plaintiff's complaint presents a federal question, such as a federal cause of action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wyke v. Polk Cty. Sch. Bd.*, 129 F.3d 560, 567–68 (11th Cir. 1997). Section 1983 of Title 42 is a federal cause of action, and claims under 42 U.S.C. § 1983 present federal questions. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Riley v. Governor of Fla.*, 742 F. App'x 420, 423 (11th Cir. 2018); *Tindal v. Montgomery Cty. Comm'n*, 32 F.3d 1535, 1538 n.4 (11th Cir. 1994). As such, the State Court Action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

7. The Court has supplemental jurisdiction over Plaintiff's claims under the Florida Constitution and common law, Compl. ¶¶ 8–53, pursuant to 28 U.S.C. § 1367(a), because Plaintiff's claims all arise from the same set of operative facts. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

II.     Diversity Jurisdiction

8.      This court also has original jurisdiction of this action under 28 U.S.C. § 1332, and therefore, this action is removable to this Court on that independent basis, given that:

(a)     Plaintiff alleges that he is a citizen of Florida.  Compl. ¶¶ 1–3.

(b)     Defendant Porter is a citizen of the Commonwealth of Virginia, Defendant Fox is a citizen of the District of Columbia, and Defendant Kaiser is a citizen of the State of Maryland.

9.      Plaintiff, in a transparent attempt to defeat diversity jurisdiction and thwart Defendants' right to remove this action to federal court, requests damages "in excess of $30,000 but less than $75,000 in toto [*sic*] as to all Defendants" *Id.* ¶ V(a) (prayer for relief).

10.     However, Plaintiff's prior actions against Defendants demonstrate that he in fact seeks damages in the State Court Action "in excess of $75,000." Compl., *Klayman v. Kaiser*, No. 20-cv-09490 VII(a) (prayer for relief) (N.D. Cal. Dec. 31, 2020) (Ex. 4); Compl., *Klayman v. Porter*, No. 20-cv-2526 VII(a) (prayer for relief) (N.D. Tex. Aug. 26, 2020) (Ex. 5); Compl., *Klayman v. Porter*, et al., C.A. No. 1:20-cv-1014 VII(a) (prayer for relief) (W.D. Tex. Dec. 2, 2020) (Ex. 6).[1]

11.     Each of those prior actions involves substantially the same parties, facts and law as this case.  Those actions and this action are all premised upon the same District of Columbia Bar disciplinary proceedings concerning Plaintiff, and Plaintiff claims tortious interference and abuse of process in each.  *Id.*   In the prior cases, Plaintiff uniformly seeks damages "in excess of $75,000." *Id.*

---

[1] Both cases were subsequently transferred to the U.S. District Court for the District of Columbia. Transfer Order, *Klayman v. Porter*, No. 20-cv-2526 (N.D. Tex. Dec. 7, 2020); Transfer Order, *Klayman v. Kaiser*, No. 20-cv-09490 (N.D. Cal. Feb. 22, 2021).

## REMOVAL IS PROCEDURALLY PROPER

12. Pursuant to 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Southern District of Florida because it is in the district and division embracing the place where the State Court Action is "pending."

13. As required by 28 U.S.C. § 1446(a) and S.D. Fla. Local Rule 7.2, copies of all process, pleadings, orders, and other papers filed in the state court are attached to this Notice as Exhibit 7.

14. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Fifteenth Judicial Circuit, and will give written notice thereof to all adverse parties, to effect the removal of this civil action. *See* 28 U.S.C. § 1446(d).

15. By filing this Notice of Removal, Defendants do not waive, either expressly or implicitly, their rights to assert any defense that they could have asserted in the State Court Action.

## CONCLUSION

WHEREFORE, Defendants respectfully request that all proceedings in the State Court Action be discontinued, and that this action proceed in the United States District Court for the Southern District of Florida as an action properly removed to it.

Dated: January 3, 2022                                  Respectfully submitted,

/s/ *Brian Rafkin*
Brian Rafkin (Florida Bar No. 59422)
AKIN GUMP STRAUSS HAUER & FELD
2001 K Street, NW
Washington, DC 20006
brafkin@akingump.com

*Attorney for Defendants Julia Porter, Hamilton Fox, III, and Matthew Kaiser*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2022, a true and correct copy of the foregoing was served via email and U.S. Mail, postage prepaid to *pro se* Plaintiff Larry Klayman:

Larry Klayman
7050 W. Palmetto Park Road
Boca Raton, FL 33433
leklayman@gmail.com

/s/ *Brian Rafkin*
Brian Rafkin